**Brijen K. GUPTA, Plaintiff,**

v.

**THE TOWN OF BRIGHTON, Sandra Frankel, Individually, as Supervisor of the Town of Brighton, and as Presiding Officer of the Town Board of the Town of Brighton, and Robert Barbato, Individually, and as Councilman of the Town of Brighton, Defendants.**

**No. 96–CV–6236T.**

United States District Court, W.D. New York.

June 26, 1998.

Jeffrey Wicks, Bansbah, Zoghlin, Asandrov & Wicks, P.C., Rochester, NY, for plaintiff.

Jane A. Conrad, Harter, Secrest & Emery, Rochester, NY, for Defendants Town of Brighton, Sandra Frankel.

Gary M. Levine, Rochester, NY, for Defendant Robert Barbato.

## DECISION and ORDER

TELESCA, District Judge.

### INTRODUCTION

Plaintiff Brijen Gupta, ("Gupta"), brings this action pursuant to 42 U.S.C. § 1983 claiming that his constitutional and civil rights were violated by defendants the Town of Brighton, ("Brighton"), Town of Brighton Supervisor Sandra Frankel, ("Frankel"), and Brighton Town Councilman Robert Barbato, ("Barbato"). Plaintiff alleges that he was discriminated against by defendants on the

basis of his race, and was retaliated against for exercising his right of free speech. Specifically, plaintiff alleges that he was denied reappointment to the Board of Trustees of the Brighton Memorial library because he is of Asian–Indian descent, and because he publicly criticized Town Councilman Robert Barbato.

Defendants move for summary judgment on grounds that there are no material issues of fact in dispute, and that as a matter of law, they are entitled to judgment in their favor. Plaintiff opposes defendants' motion on grounds that material issues of fact exist for jury determination.

## BACKGROUND

Plaintiff was appointed to be a member of the Brighton Board of Library Trustees by the Town Board of Brighton in 1991. According to the defendant, plaintiff was appointed despite the recommendation by the Board of Library Trustees that another candidate, incumbent trustee Susan Fowler, be reappointed. Plaintiff was appointed to a five year term, ending on December 31, 1995. Among other duties, Library Trustees are solely responsible for administering the library's one million dollar budget. Under local provisions, a Library Trustee is considered to be an unpaid town employee and is limited to serving a maximum of two five-year terms.

In 1995, the Town Council decided to change the manner in which it appointed Library Board trustees. Rather than continuing to accept without question the recommendation of the Library Board, the Town Council decided instead to solicit applications and interview potential candidates. Pursuant to this change in policy, the Town Council voted unanimously to appoint Christine Culp to the position, despite the fact that the Board of Trustees had unanimously recommended plaintiff for reappointment.

Plaintiff contends that he was not reappointed due to his race and because he engaged in speech that was critical of one of the members of the Town Council. Specifically, he believes that he was targeted by defendants Barbato and Frankel due to his public questioning of the ethics and propriety of an elected official having an extra-marital affair with a town employee. Although Gupta did not name any officials in particular, the parties concede that the comments were made with specific reference to a highly publicized affair that allegedly took place between Barbato and a Town employee two years earlier in 1993. Gupta's comments were made just prior to a local election in which Barbato was seeking to retain his seat on the Town Board. Moreover, Gupta requested that the Town allocate between $20,000 and $25,000 to create a task force to look into the ethical considerations of such a relationship.

He further contends that he was denied reappointment on the basis of his race. In support of this claim, he contends that Frankel made several derogatory or otherwise stereotypical comments about minorities, and in support of that claim he alleges that the Town deliberately limited its hiring of minority employees. He claims that he was not appointed because the defendants favored a white woman for the position.

## DISCUSSION

### I. Defendant's Motion for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." When considering a motion for summary judgment, all inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought. *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54 (2d Cir.1997). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. *Annis v. County of Westchester*, 136 F.3d 239, 247 (2d Cir.1998).

Defendants move for summary judgment on grounds that there are no material issues of fact in dispute, and that as a matter of law they are entitled to judgment in their favor.

## II. *Plaintiff was not denied Substantive Due Process.*

█ The Due Process clause of the 14th Amendment provides in relevant part that no state shall deprive any person of ... property without due process of law. Accordingly, A plaintiff who alleges that he has been denied Substantive Due Process must allege the denial or deprivation of a "property right". In the instant case, plaintiff alleges that he had a property right in being reappointed to the Board of Library Trustees. In order to have a property interest in something "a person clearly must have more than abstract need or desire for it." *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548. Instead, the person must have an entitlement to the property interest. *Gagliardi v. Village of Pawling,* 18 F.3d 188, 192 (2d Cir.1994).

█ Plaintiff had no entitlement to be reappointed to the Library Board of Trustees. An entitlement to a benefit arises only "where the discretion of the issuing agency is so narrowly circumscribed" as to virtually assure conferral of the benefit. *Gagliardi,* 18 F.3d at 192. The Brighton Town Council, however, was free to choose whomever it pleased to fill the vacant Library Board position, and was not obligated to give plaintiff more favorable consideration than any other candidate.

Plaintiff complains that he had an expectation of reappointment based on the fact that he was recommended for reappointment by the Library Board, and that it was the custom and practice of the Town Council to appoint the candidate recommended by the board. However, when plaintiff was appointed to his first term, he was not the Library Board's recommended candidate, and was appointed in favor of the recommended candidate. Thus plaintiff can not credibly argue that the mere fact that he was recommended for reappointment by the library board entitled him to be reappointed by the Town

Council. That did not even happen in his case when he was initially appointed.

## III. *Defendants Frankel and Barbato are entitled to absolute immunity for their legislative actions.*

█ Local legislators are entitled to absolute immunity from suit under § 1983 for actions taken in their legislative capacities. *Bogan,* —— U.S. at ——, 118 S.Ct. at 972. "Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Bogan,* —— U.S. at ——, 118 S.Ct. at 973. In the instant case, the act of voting on an appointment of a Library Trustee was purely legislative. *See Bogan* —— U.S. at ——, 118 S.Ct at 973 ("acts of voting for an ordinance were, in form, quintessentially legislative."). The Town Council was vested with the authority to appoint a Library Trustee, and defendants Frankel and Barbato were but two of five council members voting on the appointment. Because defendants Barbato and Frankel acted in their legislative capacities when they voted to appoint a new Library Trustee, they are immune from civil rights liability based on any alleged wrongdoing in the performance of that function.

## IV. *The Town may not be held liable for the legislative actions of two Council Members.*

█ Plaintiff contends that the Town of Brighton may be held liable for the alleged violations of plaintiff's civil rights. Because I have found that plaintiff's rights were not violated by the Town Board's refusal to reappoint him to the Library Board of Trustees, I find that the Town is entitled to summary judgment in its favor. Moreover, even if it could be established that two of the Town Board members intended to discriminate against the plaintiff, that intent to discriminate can not be imputed to the Town, where the two members constituted a minority of the Town Board, and there are no allegations that the remaining members discriminated or intended to discriminate against the plaintiff. "municipal liability [cannot rest] on so frail a foundation." *Scott–Harris v. City of Fall River,* 134 F.3d 427, 440 (1st Cir.1997) (hold-

**246**

ing that a municipality may not be held liable under § 1983 where the basis of the claim is that two of nine municipal board members had discriminatory motives when voting on budget proposal); *rev'd on other grounds, Bogan,* 118 S.Ct. 966, 969 n. 2 (recognizing dismissal of claims against municipality). Because there is no evidence that the Town discriminated against the plaintiff, defendants' motion for summary judgment is granted.

### CONCLUSION

Plaintiff does not have a property interest in being reappointed to the Board of Library Trustees. Therefore, he has failed to state a claim for a deprivation of his civil rights. Defendants Frankel and Barbato are absolutely immune form liability under § 1983 for their legislative actions, including voting on the appointment of a member to the Board of Library Trustees. Moreover, defendant Town of Brighton may not be held liable for the allegedly discriminatory acts of two members of its Town Board absent evidence that other Town Board members were also motivated by a discriminatory animus. Accordingly, defendants' motion for summary judgment is granted, and the Complaint is dismissed.

ALL OF THE ABOVE IS SO OR-DERED.